## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CR-0084-CVE |
| | ) | |
| TYRONE DUANE CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On April 23, 2007, the Court directed the parties to submit simultaneous supplemental briefs addressing the scope of the Tenth Circuit mandate in this case. See Dkt. # 34. The parties have complied with that order and submitted the supplemental briefs. Dkt. ## 35, 36. The defendant and the United States agree that the resentencing in this case is de novo. After independent review, the Court agrees that resentencing is de novo.

Under the mandate rule, where the appellate court has not specifically limited scope of remand, the district court generally has discretion to expand resentencing beyond sentencing error causing reversal. United States v. Lang, 405 F.3d 1060 (10th Cir. 2005); United States v. Hicks, 146 F.3d 1198 (10th Cir. 1998); United States v. Moore, 83 F.3d 1231 (10th Cir. 1996). De novo resentencing permits receipt of any relevant evidence that the district court could have heard at the first sentencing hearing. United States v. Ortiz, 25 F.3d 934 (10th Cir. 1994). Here, the Tenth Circuit did not specifically limit the Court's discretion. It simply stated, "we must remand so that the district court may clearly exercise its discretion in sentencing Mr. Crawford." See United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.1991) (where the Tenth Circuit remanded for resentencing, such a remand order "directs the sentencing court to begin anew, so that 'fully de novo resentencing'

is entirely appropriate").  Thus, in the resentencing hearing scheduled on May 7, 2007, the Court

will consider evidence that the Court could have heard at the first sentencing hearing.  It will

consider defendant's sentencing memoranda (Dkt. ## 14, 33), and the United States' response

thereto (Dkt. # 37).

**IT IS SO ORDERED** this 2nd day of May, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT